IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **BUSTER'S BAR AND GRILL, LLC,** | § | **A-24-CV-424-DAE** |
| **d/b/a BUSTER'S BAR AND GRILL** | § | |
| **d/b/a BUSTER'S, and DARIUS** | § | |
| **CORTEZ BUSTER,** | § | |
| **Defendants.** | § | |

### AMENDED REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DAVID EZRA
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 9).[1] Defendants did not file a response. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the District Court grant the motion and disregard the original Report and Recommendations (Dkt. 11).

**I. BACKGROUND**

Plaintiff, Joe Hand Promotions, Inc. ("JHP"), originally brought this anti-piracy action under 47 U.S.C. § 605 or, alternatively, 47 U.S.C. § 553, against Defendants to recover statutory damages. Dkt. 1 (Compl.) ¶¶ 1, 23. Plaintiff now moves for default judgment based solely on 47 U.S.C. § 605. Dkt. 9 ¶ 3, n.1. The Defendants are Buster's Bar and Grill, LLC d/b/a Buster's Bar and Grill d/b/a Buster's ("BBG") and Darius Cortez Buster ("Buster"). Compl. ¶¶ 4, 5. Both Defendants were served, Dkt. 4, 5, but neither answered.

---

[1] The motion was referred by United States District Judge David Ezra to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order dated August 9, 2024.

At JHP's request, the Clerk's Office entered default against Defendants. Dkts. 7, 8. Plaintiff now moves for entry of default judgment seeking $40,000.00 in statutory damages and $2,385.00 in attorneys' fees and costs under 47 U.S.C. § 605. Dkt. 9 ¶¶ 7, 33; Dkt. 9–9 ¶ 6. Neither Defendant responded to the motion.

## II.  STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). Where a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true, but it must also determine whether those facts state a claim

upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id*. While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with

mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III. ANALYSIS

Buster is an individual who resides in the State of Texas and is "a member, manager, officer, and/or principal of the entity owning and operating" BBG. Compl. at ¶ 5; Dkt. 9 ¶ 9. Plaintiff further alleges that Buster "is not believed to be a minor or incompetent person," nor is he "in active military service." Dkt. 7–1 ¶ 3; Dkt. 7–2. BBG was a domestic limited liability company organized under the laws of Texas, Compl. at ¶ 4, and is therefore not a minor, incompetent person, or in military service. BBG forfeited its charter on March 10, 2023. *Id.* The Clerk of Court has entered default against BBG and Buster. Dkt. 8. Accordingly, the undersigned finds default is proper as to Buster and BBG.

Considering the relevant factors, default is procedurally warranted against BBG and Buster. *See Lindsey*, 161 F.3d at 893. No material facts appear to be at issue, there is no substantial prejudice that warrants against entering default, grounds for default are clearly established, there is no indication default was caused by good faith mistake or excusable neglect, default is not overly harsh, and there is no apparent reason that default would need to be set aside. *Id*.

Taking all well-pleaded facts as true, Plaintiff has stated viable claims against BBG and Buster. Plaintiff states it had the exclusive commercial license to exhibit, and sublicense the right to exhibit, the *Floyd Mayweather vs. Logan Paul* boxing match that took place on June 6, 2021 ("the Program") to commercial establishments. Compl. ¶ 3; Dkt. 9 ¶ 9. Plaintiff states it was the sole legal provider of the Program to establishments in Texas. Dkt. 9 ¶ 9. Furthermore, the interstate satellite transmission "of the Program was electronically coded or scrambled," and

Plaintiff took additional security measures including contacting television providers and internet platforms to release or enable the content to authorized viewers. *Id.*; *see* 47 U.S.C. § 605(b)(1) (stating that satellite cable programming will not be protected by the statute unless it is encrypted).

Plaintiff further states that it took no steps to unblock or unscramble Defendants' access to the program, and Defendants did not pay any kind of commercial sublicensing fee to Plaintiff as was required. Dkt. 9 ¶ 9. Plaintiff alleges that Defendants could not have obtained or intercepted the transmission of the Program without undertaking "specific wrongful actions." *Id.* Finally, Defendants advertised on social media that BBG would broadcast the Program and invited customers to come to its establishment. *Id.*; Dkt. 9–6.

Plaintiff filed suit on April 22, 2024 and seeks statutory damages from the events on June 6, 2021. Dkt. 1; Dkt. 9 at 16. Plaintiff based its action on 47 U.S.C. § 605, which is within the Federal Communications Act of 1934, as amended by the Telecommunications Act of 1996 ("FCA"). This portion of the FCA, Unauthorized Publication or Use of Communications, allows for statutory damages. 47 U.S.C. § 605. Furthermore, the Fifth Circuit has held that although Congress failed to provide a statute of limitations for 47 U.S.C. § 605, it is most analogous to the Copyright Act which provides a three-year limitations period. *Prostar v. Massachi*, 239 F.3d 669, 677–78 (5th Cir. 2001). The court is satisfied that the three-year limitations period should apply.

If the violation of the statute is found to be willful, the court can fine the violator up to $50,000. *See id.* at § 605(e)(2) ("Any person who violates subsection (a) willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000…for the first such conviction"). Plaintiff alleges that Defendants' violation was "willful and for purposes of commercial advantage or private financial gain." Compl. ¶ 19; Dkt. 9 ¶ 19. Complying with § 605(e)(3)(C)(i)(II) of the statute, Plaintiff arrives at $10,000 for statutory

5

damages with an additional $30,000 as damages for the willful act, as provided by § 605(e)(3)(C)(ii), for a total of $40,000 which is within the statutory limit. The court is satisfied that this sum is reasonable; accordingly, the court will recommend Plaintiff be awarded $40,000 in statutory damages.

Additionally, Plaintiff's attorney seeks their attorney's fees and costs. Under the relevant part of the FCA, the party who violates the statute is also required to pay attorney's fees. *See* 47 U.S.C. § 605(e)(3)(B) ("The court…shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."). This court uses the lodestar method to calculate attorney's fees, by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). There is a strong presumption of the reasonableness of the lodestar amount. *Id*. However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on "the relative weights of the twelve factors set forth in *Johnson*."[2] *Id*.

Plaintiff's attorney seeks $535.00 in costs for filing the Complaint and effecting service. Plaintiff's attorney also seeks her fees of $250 per hour for 7.40 hours of work, totaling $1,850.00. This fee is reasonable, and none of the *Johnson* factors persuade the court that the attorney's fees award should be altered.

### IV.   RECOMMENDATION

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989).

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 (Dkt. 9) be **GRANTED** with regard to Defendant Buster's Bar and Grill, LLC, and with regard to Defendant Darius Cortez Buster.

Specifically, the undersigned recommends judgment be entered in favor of Plaintiff on its claims against Defendants in the amount of $40,000.00. The undersigned further recommends attorney's fees be awarded to Plaintiff in the amount of $1,850.00 as well as $535.00 in costs. As Plaintiff brought suit under a theory of joint and several liability, Plaintiff may recover all costs from either Defendant.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 10, 2024,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE