UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | § | No. 1:24-cv-424-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| Buster's Bar and Grill, LLC, d/b/a | § | |
| Buster's Bar and Grill d/b/a Buster's, and | § | |
| Darius Cortez Buster | § | |
| | § | |
| *Defendants*. | § | |

ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

Before the Court is an Amended Report and Recommendation ("Recommendation") filed by Magistrate Judge Mark Lane.  (Dkt. # 13.) The Court finds this matter suitable for disposition without a hearing.  After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation.

BACKGROUND

Plaintiff, Joe Hand Promotions, Inc. ("JHP"), originally brought this anti-piracy action under 47 U.S.C. § 605 or, alternatively, 47 U.S.C. § 553, against Defendants to recover statutory damages.  (Dkt. # 1 at ¶¶ 1, 23.)  Plaintiff now moves for default judgment based solely on 47 U.S.C. § 605.  (Dkt. # 9 at ¶ 3, n.1.) The Defendants are Buster's Bar and Grill, LLC d/b/a Buster's Bar and Grill d/b/a

1

Buster's ("BBG") and Darius Cortez Buster ("Buster").  (Dkt. # 1 at ¶¶ 4, 5.)  Both

Defendants were formally served, (Dkts. ## 4, 5) but neither answered.

At Plaintiff's request, the Clerk's Office entered default against

Defendants.  (Dkts. ## 7, 8.)  On July 9, 2024, Plaintiff moved for entry of default

judgment seeking $40,000.00 in statutory damages and $2,385.00 in attorneys'

fees and costs under 47 U.S.C. § 605.  (Dkt. # 9 at ¶¶ 7, 33; Dkt. # 9-9 at ¶ 6.)

Neither Defendant responded to the motion.

The Motion for Default Judgment (Dkt. # 9) was referred to

Magistrate Judge Mark Lane on August 9, 2024.  Judge Lane issued his Original

Report and Recommendation on October 2, 2024, recommending Plaintiff's

Motion for Default Judgment be granted with regard to Defendant Buster's Bar

and Grill, LLC and denied without prejudice with regard to Defendant Darius

Cortez Buster.  (Dkt. # 11.)[1]  On October 10, 2024, Judge Lane issued an Amended

Report and Recommendation, recommending Plaintiff's Motion for Default

Judgment be granted with regard to both Defendants.  (Dkt. # 13.)  None of the

parties filed objections to the Amended Report and Recommendation.

---

[1] On October 4, 2024, Plaintiff filed an objection, as to the denial without prejudice
of its Motion for Default Judgment with regard to Defendant Darius Cortez Buster.
(Dkt. # 12.)  However, in light of the Amended Report and Recommendation,
which recommends Plaintiff's motion be granted as to both Defendants, the Court
finds the Original Report and Recommendation, and Plaintiff's Objection to same,
are now **MOOT.**

APPLICABLE LAW

Objections to the Recommendation were due by the parties within 14 days after being served with a copy.  Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Recommendation for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court and **GRANTS** Plaintiff's Motion for Default Judgment.  (Dkt. # 9.).  The Court finds that Judge Lane's analysis is reasonable and absent of clear error.

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court.  See Fed. R. Civ. P. 55(b)(2).  In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's Office; and (3) entry of a default judgment by the district court.  Fed. R. Civ. Pro. 55(a)–(b); New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).  Additionally, to obtain a default judgment, the movant must establish that the defendant is neither a minor nor an incompetent person, and that the defendant is not in military service.  50 U.S.C. § 3931; Bank of New York Mellon Tr. Co., N.A. v. Hancock, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020).  Where a defendant has

3

defaulted, the factual allegations in the complaint are taken as true, except

regarding damages.  See Jackson v. FIE Corp., 302 F.3d 515, 525 n.29 (5th Cir.

2002).

      "Default judgments are a drastic remedy" and thus are "resorted to by

courts only in extreme situations."  Sun Bank of Ocala v. Pelican Homestead &

Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989).  Accordingly, "[a] party is not

entitled to a default judgment as a matter of right, even where the defendant is

technically in default."  Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).  Rather,

"[t]here must be a sufficient basis in the pleadings for the judgment entered."

Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.

1975) (explaining default is not treated as an absolute confession by defendant of

liability and of plaintiff's right to recover).  A court must accept pleaded facts as

true but must also determine whether those facts state a claim upon which relief

may be granted.  See Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (affirming

district court's denial of entry of default judgment because, even if true, plaintiff's

allegations would not support imposing liability against defendants).

      Courts use a three-part test to determine when to enter a default

judgment.  The court first considers whether the entry of default judgment is

procedurally warranted.  United States v. Rod Riordan Inc., No. MO:17-CV-071-

DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); Nasufi v. King Cable

4

Inc., No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017)

(citing Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998)).  The Fifth

Circuit has set forth six factors for a court to consider in determining whether a

default judgment is procedurally proper: "(1) whether material issues of fact are at

issue; (2) whether there has been substantial prejudice; (3) whether grounds for

default are clearly established; (4) whether default was caused by good faith

mistake or excusable neglect; (5) harshness of default judgment; and (6) whether

the court would feel obligated to set aside a default on the defendant's motion."

United States v. Padron, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May

12, 2017); see Lindsey, 161 F.3d at 893.

     Next, courts assess the substantive merits of the plaintiff's claims and

determine whether there is a sufficient basis in the pleadings for the judgment.  J &

J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 814

(N.D. Tex. 2015) (citing Nishimatsu, 515 F.2d at 1206).  In doing so, courts

assume that, due to its default, the defendant admits all well-pleaded facts in the

plaintiff's complaint.  See Rod Riordan, Inc., 2018 WL 2392559, at *3.

     Finally, the court determines what form of relief, if any, the plaintiff

should receive.  Id.  While damages are normally not to be awarded without a

hearing or a demonstration by detailed affidavits establishing the necessary facts, if

the amount of damages can be determined with mathematical calculation by

5

reference to the pleadings and supporting documents, a hearing is unnecessary.  Id. (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993)).

I.    Analysis

    A.    Default Judgment

Buster is an individual who resides in the State of Texas and is "a member, manager, officer, and/or principal of the entity owning and operating" BBG.  (Dkt. # 1 at ¶ 5; Dkt. # 9 at ¶ 9.)  Plaintiff further alleges that Buster "is not believed to be a minor or incompetent person," nor is he "in active military service."  (Dkt. # 7-1 at ¶ 3; Dkt. 7-2.)  BBG was a domestic limited liability company organized under the laws of Texas, (Dkt. # 1 at ¶ 4) and is therefore not a minor, incompetent person, or in military service.  BBG forfeited its charter on March 10, 2023.  (Id.)  The Clerk of Court entered default against BBG and Buster on July 1, 2024.  (Dkt. # 8.)  Accordingly, the Court agrees with Judge Lane that default is proper as to Buster and BBG.

Judge Lane appropriately concluded, through the six factors set out by the Fifth Circuit, that Default Judgment is procedurally warranted.  (Dkt. # 13 at 4.)  First, no material facts appear to be at issue.  See Lindsey, 161 F.3d at 893. Second, there is no substantial prejudice that warrants against entering default.  See id.  Third, grounds for default are clearly established.  See id.  Fourth, there is no

indication default was caused by good faith mistake or excusable neglect.  See id.

Fifth, the default is not overly harsh.  See id.  Finally, there is no apparent reason

that default would need to be set aside.  Id.

       Taking all well-pleaded facts as true, Plaintiff has stated viable claims

against BBG and Buster.  Plaintiff states it had the exclusive commercial license to

exhibit, and sublicense the right to exhibit, the *Floyd Mayweather vs. Logan Paul*

boxing match that took place on June 6, 2021 ("the Program") to commercial

establishments.  (Dkt. # 1 at ¶ 3; Dkt. # 9 at ¶ 9.)  Plaintiff states it was the sole

legal provider of the Program to establishments in Texas.  (Dkt. # 9 at ¶ 9.)

Furthermore, the interstate satellite transmission "of the Program was

electronically coded or scrambled," and Plaintiff took additional security measures

including contacting television providers and internet platforms to release or

enable the content to authorized viewers.  Id.; see 47 U.S.C. § 605(b)(1) (stating

that satellite cable programming will not be protected by the statute unless it is

encrypted).

       Plaintiff further states that it took no steps to unblock or unscramble

Defendants' access to the program, and Defendants did not pay any kind of

commercial sublicensing fee to Plaintiff as was required.  (Dkt. # 9 at ¶ 9.)

Plaintiff alleges that Defendants could not have obtained or intercepted the

transmission of the Program without undertaking "specific wrongful actions."  Id.

Finally, Defendants advertised on social media that BBG would broadcast the Program and invited customers to come to its establishment.  (Id.; Dkt. # 9-6.)

Because Plaintiff has brought a meritorious claim and the Fifth Circuit factors outlining default judgment have been met, the Court determines that Judge Lane's conclusions and recommendations are neither clearly erroneous nor contrary to law.  (Dkt #13.)  As Judge Lane has properly concluded, Default Judgment is appropriate for Plaintiff.  The Court therefore adopts Judge Lane's amended recommendation and **GRANTS** Plaintiff's Motion for Default Judgment. (Id.)

     B.   Statutory Damages

Plaintiff filed suit on April 22, 2024, seeking statutory damages from the events on June 6, 2021.  (Dkt. # 1; Dkt. # 9 at 16.)  Plaintiff based its action on 47 U.S.C. § 605, which is within the Federal Communications Act of 1934, as amended by the Telecommunications Act of 1996 ("FCA").  This portion of the FCA, titled Unauthorized Publication or Use of Communications, allows for statutory damages.  47 U.S.C. § 605.  Furthermore, the Fifth Circuit has held that although Congress failed to provide a statute of limitations for 47 U.S.C. § 605, it is most analogous to the Copyright Act which provides a three-year limitations period.  Prostar v. Massachi, 239 F.3d 669, 677–78 (5th Cir. 2001).  The Court is satisfied that the three-year limitations period should apply here.

If the violation of the statute is found to be willful, the Court may fine the violator up to $50,000.  See id. at § 605(e)(2) ("Any person who violates subsection (a) willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000 . . .for the first such conviction").  Plaintiff alleges that Defendants' violation was "willful and for purposes of commercial advantage or private financial gain." (Dkt. # 1 at ¶ 19; Dkt. # 9 at ¶ 19.)  Complying with § 605(e)(3)(C)(i)(II) of the statute, Plaintiff arrives at $10,000 for statutory damages with an additional $30,000 as damages for the willful act, as provided by § 605(e)(3)(C)(ii), for a total of $40,000 which is within the statutory limit.  As Judge Lane has properly concluded, this sum is reasonable.

The Court determines that Judge Lane's conclusion and recommendation as to statutory damages are neither clearly erroneous nor contrary to law.  (Dkt #13.)  Accordingly, the Court adopts Judge Lane's amended recommendation and **ORDERS** Plaintiff be awarded $40,000 in statutory damages. (Id.)

C.    Attorney's Fees

Additionally, Plaintiff's attorney seeks their attorney's fees and costs. Under the relevant part of the FCA, the party who violates the statute is also required to pay attorney's fees.  See 47 U.S.C. § 605(e)(3)(B) ("The court. . . shall

direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.").  This Court uses the lodestar method to calculate attorney's fees, by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work.  Black v. SettlePou, P.C., 732 F.3d 492, 502 (5th Cir. 2013).  There is a strong presumption of the reasonableness of the lodestar amount.  Id.  However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on "the relative weights of the twelve factors set forth in Johnson."[2]  Id.

Plaintiff's attorney seeks $535.00 in costs for filing the Complaint and effecting service.  Plaintiff's attorney also seeks her fees of $250 per hour for 7.40 hours of work, totaling $1,850.00.  As Judge Lane properly concluded, this fee is reasonable, and none of the Johnson factors persuade the Court that the attorney's fees award should be altered.

_____

[2] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989).

The Court determines that Judge Lane's conclusion and recommendation as to attorney's fees are neither clearly erroneous nor contrary to law.  (Dkt #13.)  Accordingly, the Court adopts Judge Lane's amended recommendation and **ORDERS** Plaintiff be awarded attorney's fees in the amount of $1,850.00 as well as $535.00 in costs.  (Id.)  As Plaintiff brought suit under a theory of joint and several liability, Plaintiff may recover all costs from either Defendant.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Mark Lane's Amended Report and Recommendation (Dkt. # 13) and **GRANTS** Plaintiff's Motion for Default Judgment.  (Dkt. # 9.)

In light of this Order adopting the Amended Report and Recommendation, the Court hereby **ORDERS** that the Original Report and Recommendation (Dkt. # 11) and Plaintiff's Objection to same (Dkt. # 12) are **MOOT**.

**THE CLERK IS INSTRUCTED TO CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** October 30, 2024

_____
Hon. David Alan Ezra
Senior U.S. District Judge

11